The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lawrence B. Shuping, Jr.. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modification of Findings of Fact 4 and 5, Conclusions of Law 1 and 2, and Awards 1 and 5.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff is a 39-year-old married male, who only completed the eighth grade and has not since obtained any type of vocational or technical training other than "on-the-job" as a mechanic and plumber. His prior work experience has included carpentry work building homes, working as a service station mechanic, installing chicken feeder houses and doing roofing, electrical and plumbing work for various mobile home manufacturers requiring the type of physical labor he can no longer engage because of the permanent back and leg injuries sustained; but rather, is thereby limited to light sedentary work involving only occasionally lifting up to 10 pounds, no bending, squatting, crawling or climbing and not sitting, standing or walking for more than four hours during an eight hour workday and then with an opportunity to alternate bodily positions.
2. In September of 1988 plaintiff became employed as a plumber at defendant-employer's mobile home manufacturing plant not only requiring bending on his knees most of the time, climbing up to four feet and carrying plumbing fixtures weighing up to 35 pounds (See the stipulated June 20, 1990 initial evaluation of plaintiff by Ethelene Mason, a rehabilitation specialist with General Rehabilitation Services, Inc.,), but to help in the floor department where he had to lift decking sheets weighing 60 pounds, all of which he is no longer able to do because of his permanent injuries.
3. On May 11, 1990 plaintiff sustained the admittedly compensable injury giving rise to the Industrial Commission's prior awards of temporary-total and permanent-partial disability when he was struck in the back by a 500 pound concrete block resulting in multiple fractures of the lumbar spine, ribs and pelvis, including burst fractures of the L2 and L5 levels of his lumbosacral spine requiring him to undergo the spinal fusion more specifically described in the stipulated medical records of Dr. Suh, who performed the same procedure on May 16, 1990.
4. As a result of the fractures of his pelvis and lumbosacral spine plaintiff retained the forty (40) percent and fifteen (15) percent permanent-partial disabilities of the back and leg that were subject of the Industrial Commission's last award herein entitling him to 150 weeks of permanent-partial disability benefits at a rate of $193.38 per week commencing as of January 27, 1992 when he returned to light sedentary work for defendant-employer as a stockroom clerk and would have continued for 150 weeks until on or about December 17, 1994 had defendant not agreed to plaintiff's request for a lump sum payment of the same award.
5. Although plaintiff was then and remains unable to return to his regular plumber's job or the type of similar physical work he had always done; by January 27, 1992 plaintiff had sufficiently recovered from his permanent back and leg injuries so as to be able to return to alternate lighter sedentary work within the physical limitations described in Finding of Fact Number One hereinabove and defendant-employer offered him a job in the premises tool room as a clerk, which his treating physician approved based on a written job description that on its face was within plaintiff's physical limitations and he concurrently returned to work in that capacity. Unfortunately in practice the job required him to continually walk on concrete, to remain on his feet as much as six hours or more a day and in the course of either repairing the larger staple guns or delivering needed supplies to the premises production area to lift more than 10 pounds occasionally. When he initially attempted to return to work in the supply room plaintiff was only experiencing intermittent back pain; however, after six months there his symptoms had significantly worsened not only resulting in increased back pain, but left hip and leg pain requiring him to return to Dr. Brenner with similar complaints in November of 1992 and also complained to defendant-employer that the job was bothering him. Ultimately plaintiff was forced to stop working on or about March 4, 1993 through March 9, 1993, due to his high blood pressure which was unrelated to his injury by accident., However, plaintiff did on March 10, 1993 and continuing thereafter sustain a substantial change for the worse in his condition because his pain, due to the injury by accident, had not only become totally incapacitating, but had resulted in a ten (10) percent increase in his permanent-partial disability of the back.
While Dr. Brenner approved the supply room job on the basis of a written job description and still does because on its face the job appears to be the type of lighter sedentary work required by plaintiff's permanent injuries; the job in practice was not a suitable one for the reasons described in the preceding paragraph and plaintiff was justified in refusing to continue the same.
6. Although plaintiff has not since looked for work; there is no evidence that the type of very limited light sedentary work he requires is available for someone of his age, education, background and work experience, which has always involved the type of physical labor he can no longer do and has not resulted in any transferable skills, and having the physical limitations that he does from his chronic back and leg pain — much less that he can obtain it. Defendant-employer subsequently fired plaintiff from its employ and no longer has the supply room clerk's job available, which was not a suitable one because in practice it required him to exceed the physical limitations of his permanent back and leg injuries and he was justified in not attempting to continue the work after March of 1993.
To the extent defendants desire to engage vocational rehabilitation services in an attempt to find plaintiff suitable work within his physical limitations and consistent with his age, education, background and work experience, he is obligated to cooperate in any reasonable vocational rehabilitation efforts or be subject to have his compensation benefits suspended; however, there is no reason to believe that he will not do so.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Since the Industrial Commission's last award of permanent-partial disability benefits, plaintiff has sustained a substantial change for the worse in his condition from the involved May 11, 1990 injury not only resulting in a ten (10) percent increase in his permanent-partial disability of the back because of increased pain; but resulting in his pain becoming totally incapacitating beginning on March 10, 1993 when he was unable to perform the type of lighter sedentary work required by his permanent injuries because the light work job that he attempted to return to in the supply room in practice exceeded his physical limitations and he justifiably stopped it. G.S. § 97-47.
2. Plaintiff has remained totally disabled since March 10, 1993 entitling him to compensation at a rate of $193.38 per week from March 10, 1993 to the scheduled hearing date and thereafter continuing at the same rate so long as he remains totally disabled, subject to a credit for the permanent-partial disability benefits that he would have otherwise been entitled during this period up until on or about December 17, 1994 when those benefits would have otherwise been payable had not defendants agreed to his lump sum request and were those benefits still being paid, they would have been suspended upon plaintiff again becoming totally disabled and entitled to benefits based on his total disability. G.S. § 97-29.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendants shall pay plaintiff, on account of his total disability, compensation at a rate of $193.38 per week from March 10, 1993 to the scheduled hearing date and thereafter continuing at the same rate so long as he remains disabled, subject to a change of condition, medical or employment, and subject to a credit for the compensation payable for permanent-partial disability under the Industrial Commission's last award during the period from March 3, 1993 until on or about December 17, 1994 when the payments under that award would otherwise have been exhausted had plaintiff not already received those benefits on a lump sum basis pursuant to his request as well as a reasonable attorney fee hereinafter approved.
2. A reasonable attorney fee in the amount of twenty-five (25) percent of the accrued net compensation benefits due under the above award is hereby approved for plaintiff's counsel, which shall be deducted from the same award and forwarded directly thereto. For the balance of his fee defendants shall forward every fourth compensation check payable hereunder directly to plaintiff's counsel.
3. To the extent the same are reasonably designed to tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated therewith defendants shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the substantial change of condition that plaintiff has sustained from the involved back injury when bills for the same are submitted in accordance with the Industrial Commission Rules.
4. Defendants shall bear the costs, including as part thereof the $225.00 expert witness fee previously awarded Dr. Brenner for his deposition testimony to the extent the same has not already been paid.
5. In addition to the fee awarded above, defendants shall pay an additional attorney's fee in the amount of $500.00 to plaintiff's counsel for representing plaintiff in this appeal to the Full Commission, this having been an appeal brought by the defendants in which the Commission has ordered the defendants to make payments of benefits to the injured employee.
FOR THE FULL COMMISSION
 S/ __________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ WILLIAM L. HAIGH CHIEF DEPUTY COMMISSIONER
CMV/cnp/mj 9/5/95